1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SHANNON O. MURPHY, Sr., | Case No. 2:23-cv-00852-DJC-JDP (PS) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| NATION'S GIANT HAMBURGERS, | ECF No. 2 |
| Defendant. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| | ECF No. 1 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this action against defendant Nation's Giant Hamburgers. The complaint's allegations do not state a federal claim. I will therefore recommend dismissal of this action. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

## Screening and Pleading Requirements

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e). That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

The complaint fails to state a cognizable claim. Plaintiff alleges that he was in El Cerrito, California on business and in his company truck when a delivery truck double parked and blocked his safe exit. ECF No. 1 at 2. The only link to defendant Nation's Giant Hamburgers appears to be that the double-parked truck was making a delivery to a location affiliated with the company. *Id.* Having reviewed the allegations and construing them liberally, I can make out no federal

claim. Additionally, even if a state law claim could be found herein (I have not identified one), plaintiff has failed to establish subject matter jurisdiction. Plaintiff alleges that jurisdiction is warranted because of the amount sought in damages. *Id.* at 1. This alone does not establish federal jurisdiction, however. He has failed to plead either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331; 1332.

Accordingly, I recommend that plaintiff's complaint be dismissed for failure to state a claim without leave to amend. The instant complaint is one of several complaints that plaintiff has filed in this court that contains vague and conclusory allegations. Each of his prior complaints were dismissed for failure to state a claim or lack of subject matter jurisdiction. *See, e.g.*, *Murphy v. First Republic Bank, N.A.*, No. 2:21-cv-00399-JAM-CKD (PS) (discussing plaintiff's repeated failure to establish subject matter jurisdiction and satisfy the pleading standard); *Murphy v. Federal Express Corp.*, No. 2:21-cv-00142-KJM-KJM (PS); *Murphy v. Farmers Ins. Co.*, No. 2:20-cv-1456-KJM-DB (PS). Given plaintiff's history of filing deficient complaints, I find that granting leave to amend would be futile. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is hereby RECOMMENDED that plaintiff's complaint, ECF No. 1, be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

1   appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
2   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 24, 2024                      _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE